# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

RYAN R. MCBETH,

Debtor(s).

In Proceedings
Under Chapter 7

Case No. 13-30672

## OPINION

This matter came before the Court for hearing on a motion filed by the United States Trustee against Wendell Taylor, a bankruptcy petition preparer, for sanctions and contempt. Attorney Mark Skaggs appeared on behalf of the United States Trustee and Mr. Taylor appeared *pro se*. The debtor, Ryan McBeth, and Wendell Taylor provided testimony at the hearing, after which both sides presented closing arguments. Having reviewed the pleadings and exhibits of record, the testimony of both parties, and the arguments of counsel and Mr. Taylor, the Court finds that the motion for contempt and sanctions should be granted in part.

## FACTS

*Nancy Gargula, United States Trustee vs. Wendell Taylor, Adv. No. 11-3392 (In re Cross)*

On December 7, 2011, the United States Trustee filed an adversary complaint against Wendell Taylor in another bankruptcy case, *In re Cross*, Bk. No. 11-32217, Adv. No. 11-3392. The complaint sought a determination that Mr. Taylor violated 11 U.S.C. § 110(e)(2)[1] by providing legal advice to the debtor, and further sought an injunction permanently enjoining Mr. Taylor from directly or indirectly acting as a bankruptcy petition preparer. On March 13, 2012,

[1] Section 110(e)(2) provides that "[a] bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B)." 11 U.S.C. § 110(e)(2).

the Court entered a Consent Judgment on the complaint,[2] finding that Mr. Taylor "has continually engaged in activities and actions which are in violation of the provisions of 11 U.S.C. § 110, such that an injunction prohibiting the specific conduct in violation of the aforesaid Section would not be sufficient to prevent Taylor's interference with the administration of title 11 of the United States Code, and such that it is appropriate and necessary that Taylor be permanently enjoined from acting as a bankruptcy petition preparer." Consent Judgment, ¶ 2. The Court permanently enjoined Mr. Taylor (and his agents, employees and associates) "from preparing for compensation, or not for compensation, any bankruptcy petition in the United States Bankruptcy Court … as of the date of the entry of this Consent Judgment or otherwise acting as a bankruptcy petition preparer as that term is defined in 11 U.S.C. § 110." Consent Judgment, ¶ 4. Mr. Taylor was further enjoined from making or using any advertisement of any type displaying his availability for providing bankruptcy services, and was ordered to pay the debtor statutory damages of $2,000.00 and the United States Trustee a statutory fine of $500.00. Consent Judgment, ¶¶ 5-7. The United States Trustee agreed to refrain from collecting the statutory damages and fines as long as Mr. Taylor complied with the terms of the Judgment. Consent Judgment, ¶ 8. Mr. Taylor signed the Consent Judgment, specifically acknowledging that he had the opportunity to seek advice from legal counsel and that he understood the legal consequences of the Judgment. Consent Judgment, ¶ 9.

*In re McBeth, Bk. No. 13-30672*

In the case now before the Court, the debtor filed a *pro se* chapter 7 petition on April 12, 2013. The petition did not disclose the use of a bankruptcy petition preparer, nor did the petition include Official Form B280 (Disclosure of Compensation of Bankruptcy Petition Preparer). In

[2] The Consent Judgment is attached to the motion for sanctions and contempt as Exhibit 2.

response to question # 14 on the debtor's Application for Waiver of the Chapter 7 Filing Fee, the debtor answered that she had not paid anyone – including a bankruptcy petition preparer – any money for services in connection with her bankruptcy case. The Certificate of Credit Counseling filed by the debtor indicated that she completed the credit counseling course by telephone through Cricket Debt Counseling.

When the debtor failed to appear at the 341 meeting of creditors on two separate occasions, her bankruptcy case was dismissed. In her motion to reinstate the case (document #20), the debtor represented that she was "told by the person who did my bankruptcy paperwork (Mr. Wendall [sic] Taylor) that all I had to do was file and that was it." According to the debtor's motion, Mr. Taylor told the debtor that she "wouldn't have to go to court or anything." The Court entered an order reinstating the debtor's case on August 13, 2013, and the United States Trustee later filed the instant motion for sanctions and contempt.

DISCUSSION AND ANALYSIS

At the hearing on this matter, the debtor, Ryan McBeth, testified as follows: She first came into contact with Wendell Taylor at a McDonald's restaurant in Swansea, Illinois in 2010, at which time he gave her his business card. The debtor did not file a bankruptcy petition at that time, but she did contact Mr. Taylor approximately three years later - in 2013 – when she was experiencing financial difficulties. She first asked Mr. Taylor if he was still "doing bankruptcy." He informed her that he was, and that he could "start her bankruptcy" if she paid him $60.00 to $80.00 "that day." The debtor did not have the funds to pay him at that time, but once she had sufficient funds, she called Mr. Taylor again, at which time he advised the debtor that his fee was $160.00. The debtor paid him a total of $200.00 in cash ($160.00 for his services and $40.00 for

the credit counseling course). Although the debtor requested a receipt for her payment, Mr. Taylor refused, stating that he was not required by law to give her a receipt.

The debtor further testified that:

(1) Wendell Taylor typed all of her bankruptcy schedules and required paperwork, and completed the credit counseling course for her *without her participation*.

(2) She provided Mr. Taylor with the information for Schedule B, but did not advise him what property to list as exempt on Schedule C. In fact, according to the debtor's testimony, she does not know what an exemption is.

(3) The response to question # 14 on the debtor's Application for Waiver of the Chapter 7 Filing Fee is false.[3]

(4) She did not attend the meeting of creditors because Mr. Taylor's statements led her to believe that her attendance was unnecessary.

(5) Mr. Taylor met her at the courthouse when she filed her bankruptcy petition and schedules, but did not come into the building with her.

The United States Trustee alleges that Wendell Taylor's involvement in this case violated both the terms of the Consent Judgment previously entered in the *Cross* case and § 110 of the Bankruptcy Code. According to the United States Trustee, Mr. Taylor concealed his involvement in this case so that he would not be caught violating the terms of an order to which he voluntarily consented.

[3] As explained above, the response states that the debtor had not paid anyone – including a bankruptcy petition preparer – any money for services in connection with her bankruptcy case.

Specifically, the United States Trustee alleges that Mr. Taylor violated the following provisions of 11 U.S.C. § 110: §§ 110(b)(1) and (2), (c)(1), (e)(2)(A) and (h)(2). Those sections provide as follows:

> (b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to –
>
> (A) sign the document for filing; and
> (B) print on the document the name and address of that officer, principal, responsible person, or partner.
>
> (2)(A) Before preparing any document for filing or accepting any fees from or on behalf of a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice ….
>
> (B) The notice under subparagraph (A) –
> (i) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice;
>
> (ii) may contain a description of examples of legal advice that a bankruptcy petition preparer is not authorized to give, in addition to any advice that the preparer may not give by reason of subsection (e)(2); and
>
> (iii) shall –
>
> (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and
>
> (II) be filed with any document for filing.
>
> (c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.

> (e)(2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).
>
> (h)(2) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.

11 U.S.C. §§ 110(b)(1) and (2), (c)(1), (e)(2)(A) and (h)(2).

At the hearing, Mr. Taylor testified on his own behalf in narrative form, and presented brief closing remarks. He stated that he did not meet with the debtor at any time after entry of the Consent Judgment in the *Cross* case, and he specifically denied meeting with her in 2013. Mr. Taylor admitted to preparing the debtor's bankruptcy petition, schedules and other paperwork, but claimed that he did so prior to entry of the Consent Judgment. He denied advising the debtor that she did not have to attend the 341 meeting of creditors. After Mr. Taylor's testimony, the United States Trustee recalled the debtor as a witness. She reiterated her previous testimony that Mr. Taylor did not prepare any bankruptcy paperwork for her prior to 2013, that she did meet with him in 2013 and that he prepared her bankruptcy petition, schedules and other paperwork at that time.

In this "he said, she said" case, the Court's ruling depends primarily, if not exclusively, on the credibility of the witnesses. The Court finds the debtor to be a very credible witness and further finds that Mr. Taylor lacked credibility. Based on the debtor's very believable testimony, the Court finds that Wendell Taylor prepared her bankruptcy petition, schedules and other documents after entry of the Consent Judgment in the *Cross* case. In doing so, Mr. Taylor violated not only the terms of the Consent Judgment, but also §§ 110(b)(1) and (2), (c)(1), (e)(2)(A) and (h)(2) of the Bankruptcy Code, as evidenced by the following:

- He failed to print his name on and sign the documents that he prepared for filing, in violation of §110(b)(1).
- He failed to provide the debtor with notice that he is not an attorney and may not practice law or give legal advice, in violation of § 110(b)(2).
- He failed to provide his identifying number (*i.e.*, social security number), in violation of §110(c)(1).
- He provided legal advice to the debtor, including, but not limited to, deciding which exemptions the debtor should claim on Schedule C, in violation of § 110(e)(2)(A).
- He failed to disclose the fee he received from the debtor, in violation of § 110(h)(2).

The United States Trustee asks the Court to impose fines against Mr. Taylor under § 110(l) of the Bankruptcy Code. Section 110(l)(1) authorizes a court to fine a petition preparer in an amount not to exceed $500.00 for each failure to comply with §§ 110(b) through (h).[4] Section 110(l)(2)(D) permits a court to triple the fine to $1,500.00 if the petition preparer fails to disclose his or her identity on a document that was prepared for filing.[5] The fine is paid to the United States Trustee, who must deposit an amount equal to the fine in the United States Trustee Fund. 11 U.S.C. § 110(l)(4). In this case, the United States Trustee asks the Court to impose a total fine of $7,500.00 under §§ 110(l)(1) and (1)(2)(D).

The United States Trustee seeks an additional fine of $2,000.00, payable to the *debtor*. Under §110(i)(1), if the court finds the petition preparer's acts to be fraudulent, unfair, or

---

[4] Sections 110(l)(1) provides that "[a] bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure. 11 U.S.C. §110(l)(1).

[5] Section 110(l)(2) provides that "[t]he court *shall* triple the amount of a fin assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer … prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer." 11 U.S.C. § 110(l)(2)(D) (emphasis added).

deceptive, the court shall order the preparer to pay to the debtor (A) debtor's actual damages; (B) the greater of (i) $2,000 or (ii) twice the amount paid by the debtor to the preparer for his or her services; and (C) reasonable attorney's fees and costs in moving for damages under this subsection. 11 U.S.C. § 110(i)(1). It is unknown whether the debtor has actual damages as a result of Mr. Taylor’s acts and accordingly, the United States Trustee requests that Mr. Taylor pay the debtor a $2,000.00 fine.

As outlined above, Wendell Taylor failed to comply with five specific provisions of 11 U.S.C. § 110. Under the authority granted by § 110(l)(1), the Court hereby imposes a $1,250.00 fine against Mr. Taylor ($250.00 per violation). In addition, the Court finds that Mr. Taylor prepared one or more documents for filing in a manner that failed to disclose his identity. As such, the Court is required, under § 110(l)(2)(D), to triple the amount of the fine to $3,750.00.

The Court finds that Mr. Taylor’s participation in this case constitutes a blatant disregard of the terms of the Consent Judgment entered in the *Cross* case. His testimony that he prepared the debtor’s petition and schedules before entry of the Consent Judgment is simply not believable. If he had, why did he not comply with the provisions of § 110? Moreover, the Court finds that Mr. Taylor’s failure to disclose his identity and the fee that he received was fraudulent and deceptive. The Court can only conclude that Mr. Taylor purposely failed to disclose his involvement in this case for fear that he would be caught violating the terms of the Consent Judgment. The Court will not tolerate such fraudulent and deceptive conduct. As a result of his fraud and deceit, Mr. Taylor must pay the debtor a fine of $1,000.00 under § 110(i)(1).

The United States Trustee also requests that Mr. Taylor be required to disgorge the fee he received from the debtor. The terms of the Consent Judgment specifically prohibited Mr. Taylor

from acting as a petition preparer and from accepting compensation for his services. Accordingly, he must refund his fee of $160.00 to the debtor.

The Court has considered the United States Trustee's request to certify this case to the District Court for possible criminal contempt proceedings. The Court will not grant the request at this time, but will certainly revisit such a request in future cases should Mr. Taylor continue to engage in prohibited conduct.

As a final note, Mr. Taylor informed the Court at the hearing on this matter that there may be other people who have used his services, but who have not yet filed a bankruptcy case. Mr. Taylor shall inform any such individuals that they cannot use or file any documents he prepared. In addition, Mr. Taylor is prohibited from offering any legal advice to these individuals, and he shall refund any fees that they may have paid.

See Order entered this date.

ENTERED: January 31, 2014

/s/ Laura K. Grandy

UNITED STATES BANKRUPTCY JUDGE